ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| IN RE:<br><br>**JUAN A. SANTIAGO CANDELARIA**<br><br>**Número de licencia 9122**<br><br>Recurrente | KLRA202400405 | **REVISIÓN** procedente de la Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>Sobre: Suspensión de Licencia por Incumplimiento con el Art. 16, inciso (H) de la Ley 115-1979, según enmendada |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante nos, el señor Juan A. Santiago Candelaria (en adelante, señor Santiago Candelaria o recurrente), y solicita que revisemos la *Resolución* emitida el 24 de mayo de 2024, por la Junta Examinadora de Peritos Electricistas (en adelante, la Junta).[1] Mediante la misma, la Junta declaró *Ha Lugar* la suspensión de la licencia de perito electricista del señor Santiago Candelaria.

Por los fundamentos que expresamos a continuación, se confirma la *Resolución* recurrida.

**I.**

Según surge del expediente, mediante una carta con fecha del **15 de marzo de 2024**, la presidenta del Colegio de Peritos Electricistas de Puerto Rico (en adelante, el Colegio) le notificó al señor Santiago Candelaria su incumplimiento con el requisito de educación continua, conforme dispone la Ley Núm. 131 de 28 de junio de 1969, según enmendada, conocida como la *Ley del Colegio*

---

[1] Notificada el 28 de mayo de 2024.

Número Identificador
SEN2024 _____

*de Peritos Electricistas de Puerto Rico*, 20 LPRA sec. 2011 *et seq.* (Ley Núm. 131). Además, se le informó que su caso fue referido a la Junta, en conformidad al Artículo 16 de la Ley Núm. 115 de 2 de junio del 1976, según enmendada, conocida como *Ley de la Junta Examinadora de Peritos Electricistas*, 20 LPRA sec. 2701 *et seq.* (Ley Núm. 115), para que se iniciara el procedimiento de suspensión-revocación de su licencia. En dicha misiva también se hizo referencia al procedimiento que contiene la Ley Núm. 115 para rehabilitar a un perito electricista suspendido por incumplimiento de la educación continua.

El **20 de marzo de 2024** el Colegio publicó, en un periódico de circulación general, un listado con todos los nombres de los peritos electricistas que no habían cumplido con las horas crédito de educación continua requeridas. El **26 de marzo de 2024**, el Colegio certificó a la Junta una lista de los peritos electricistas que, al 31 de diciembre de 2023, incumplieron, por uno o más años consecutivos, con el requisito de ocho (8) horas de educación continua.

A raíz de lo anterior, el **15 de abril de 2024**, el señor Santiago Candelaria remitió una misiva al presidente de la Junta Examinadora de Peritos Electricistas. En esta anunció su cumplimiento con las ocho (8) horas de educación continua requeridas para el año 2023 y anejó copia de un Certificado sobre su participación en el seminario de *Seguridad en Instalaciones Eléctricas y Fotovoltaicas*, celebrado el **13 de abril de 2024**. Ante ello, solicitó a la Junta que diera por cumplidas las horas requeridas y se abstuviera de iniciar cualquier procedimiento para la suspensión de su licencia profesional.

Expirado el término de 60 días a partir de la certificación que le remitió el Colegio, el **24 de mayo de 2024**, la Junta emitió la *Resolución* que hoy revisamos, en la cual declaró *Ha Lugar* la

suspensión de la licencia del señor Santiago Candelaria. En su dictamen, la Junta formuló las siguientes determinaciones de hechos:

1. El 20 de marzo de 2024 el Colegio publicó en un periódico de circulación general un anuncio pagado en el cual listó todos los nombres de los electricistas que no han tomado las horas crédito de educación continua, según requerido por la Ley 115-1976.

2. El 19 de marzo de 2024, el Colegio le notificó al Sr. Juan A. Santiago Candelaria mediante correo certificado que su caso fue referido a la Junta para la suspensión de licencia.

3. El 26 de marzo de 2024 el Colegio "certificó" a la Junta, la lista de los peritos electricistas que al 31 de diciembre de 2023 no habían cumplido, por uno o más años consecutivos, con el requisito de tomar 8 horas de educación continua, según requerido por la Ley 115-1976.

4. De la notificación enviada a la Junta por parte del Colegio el 26 de marzo de 2024 se certifica que el Sr. Juan A. Santiago Candelaria se encuentra en incumplimiento con el Artículo 16 inciso (h).

La Junta determinó que el señor Santiago Candelaria no cumplió con la totalidad de las horas requeridas de educación continua para el periodo que culminaba el 31 de diciembre de 2023, por lo que violentó lo dispuesto en el Art. 16 (h) de la Ley Núm. 115. Por ende, decretó que procedía la suspensión de la licencia de perito electricista.

Por entender que la Junta optó arbitrariamente por suspender su licencia, el **17 de junio de 2024**, el señor Santiago Candelaria solicitó la reconsideración de la *Resolución*. Esta no fue atendida por la Junta, por lo que se entiende que fue denegada de plano.

Aun en desacuerdo, el señor Santiago Candelaria incoó el recurso de *Revisión Judicial* que nos ocupa. En este incluye los siguientes señalamientos de error:

Erró la Junta Examinadora al adjudicar la suspensión sumaria de la licencia de perito electricista del recurrente sin poseer jurisdicción para atender el asunto debido al incumplimiento sustancial por parte del Colegio con el proceso consignado en el Artículo 16, inciso (h), de la Ley Núm. 115-1976, como condición

indispensable previo al referido del caso a la agencia administrativa.

Erró la Junta Examinadora al suspender sumariamente la licencia de perito electricista del recurrente, sin brindarle la oportunidad de ser oído en algún momento del proceso y presentar prueba a su favor de cumplimiento con el requisito de educación continuada, en violación al debido proceso de ley consagrado en la Constitución de Puerto Rico y a la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017.

Erró la Junta Examinadora al aplicar el proceso de suspensión sumaria de licencia establecido en el Artículo 16, inciso (h), de la Ley Núm. 115-1976, disposición de ley inconstitucional que privó al recurrente de un derecho propietaria en violación al debido proceso de ley.

El **4 de octubre de 2024** la Junta Examinadora de Peritos Electricistas sometió un *Escrito en Cumplimiento de Resolución*. Procedemos a resolver.[2]

**II.**

**A.**

Como axioma de la doctrina de revisión judicial, sabido es que los tribunales apelativos están llamados a otorgar amplia deferencia a las decisiones de las agencias administrativas. *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117, 126 (2019); *Vélez v. A.R.P.E.*, 167 DPR 684, 693 (2006); *Otero v. Toyota*, 163 DPR 716, 727 (2005). Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de forma arbitraria, ilegal o irrazonable, constituyendo sus actuaciones un abuso de discreción. El criterio rector es la razonabilidad de la agencia recurrida. Véase, *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 746 (2012); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008).

---

[2] El 1 de octubre de 2024, el Colegio compareció ante nos mediante una *Comparecencia Especial en Solicitud de Intervención*, la cual fue declarada *No Ha lugar*, mediante *Resolución* dictada el 3 de octubre de 2024.

Así, al momento de evaluar una decisión administrativa, los tribunales tomarán en consideración, no solo la especialización y experiencia de la agencia sobre las controversias que tuviera ante sí, sino que también deben distinguir entre cuestiones relacionadas a la interpretación de las leyes —donde los tribunales son los especialistas— y aquellos asuntos propios para la discreción o pericia administrativa. *García Reyes v. Cruz Auto Corp.*, supra, pág. 892. Véanse, además, *Super Asphalt v. AFI y otros*, 206 DPR 803 (2021); *Capó Cruz v. Jta. Planificación*, 204 DPR 581 (2020); *Román Ortiz v. OGPe*, 203 DPR 947 (2020).

Al aplicar el criterio de razonabilidad y deferencia, se ha dispuesto por la jurisprudencia que los foros apelativos no deben intervenir con las determinaciones de hechos que las agencias formulan, si las mismas están sostenidas por evidencia sustancial que obre en el expediente administrativo.[3] Bajo dicho escenario, los foros apelativos deben sostenerlas. Sec. 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada* (LPAU), 3 LPRA sec. 9675. Véase también, *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75 (2000).

Del mismo modo, las conclusiones de derecho y las interpretaciones que realizan las agencias sobre la ley que le corresponde administrar, a pesar de ser revisables en toda su extensión, deben sostenerse a nivel apelativo si estas son razonables, aunque haya alguna otra interpretación igualmente adecuada. *P.R.T.C. v. J. Reg. Tel. de P.R.*, 151 DPR 269, 283 (2000); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 133 (1998).

---

[3] Evidencia sustancial es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Otero v. Toyota*, supra, a la pág. 728.

Ahora bien, debido a que las resoluciones de los organismos administrativos se presumen correctas, quien las impugne tiene el peso de la prueba, por lo que deberá presentar evidencia suficiente para derrotar la presunción que estas poseen. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). De lo anterior, surge claramente que la carga probatoria le corresponde a la parte recurrente. Si incumple, la decisión administrativa deberá ser respetada por el foro apelativo.

**B.**

La Ley Núm. 115, *supra*, creó la Junta Examinadora de Peritos Electricistas, con múltiples deberes y facultades para regular la práctica de la profesión de los peritos electricistas. Entre sus facultades está el denegar, suspender o revocar licencias por varias razones.[4] En lo pertinente al caso de autos, el Art. 16 de la aludida Ley dispone lo siguiente:

> La Junta podrá denegar la concesión de una licencia y podrá, además, suspender o revocar la concesión de la licencia expedida de acuerdo con este capítulo, previa formulación de cargos, notificación y audiencia, a cualquier persona que:
>
> [...]
>
> (h) No haya tomado los cursos de educación continua que ofrece el Colegio de Peritos Electricistas o las instituciones acreditadas por la Junta Examinadora de Peritos Electricistas.
>
> **Cuando la suspensión de la licencia proceda en virtud de los incisos (g) y (h) de esta sección, no se requerirá la previa formulación de cargos y audiencia**. En tales casos, se seguirá el siguiente procedimiento:
>
> A más tardar el 30 de abril de cada año, el Colegio de Peritos Electricistas de Puerto Rico referirá a la Junta Examinadora, una lista con los nombres de todas las personas que no hayan pagado la cuota de colegiación a esa fecha o no hayan cumplido el número de horas de educación continua requerido a esa fecha, para que inicie el correspondiente procedimiento de suspensión de licencia. La certificación del Colegio constituirá suficiente evidencia para que la Junta tome acción sobre la suspensión de licencia, sesenta (60) días a partir de la notificación del procedimiento de suspensión si la persona querellada no acredita haber

---

[4] 20 LPRA sec. 2705(g).

pagado la colegiación o haber tomado los cursos de educación continua. El Colegio publicará, en un periódico de circulación general diaria, los nombres de las personas que referirá a la Junta Examinadora. Transcurridos quince (15) días a partir de la publicación, les notificará a dichas personas por correo certificado que su caso ha sido referido a la Junta Examinadora para que inicie el correspondiente procedimiento de suspensión de licencia. La Junta Examinadora suministrará al Colegio los nombres de las personas que haya admitido o admita al ejercicio de la profesión de perito electricista. [...]

Reinstalación: Cualquier persona a quien se le haya suspendido la licencia por falta de pago de la cuota de colegiación o por no haber tomado los cursos de educación continua podrá solicitar por escrito a la Junta su reinstalación dentro de un año a partir de la cancelación de su licencia y, además, de acreditar el pago de la colegiación y/o de haber tomado los cursos de educación continua. Pagará los derechos que establezca el Departamento de Estado mediante reglamento en virtud de las secs. 10 *et seq.* de este título. La Junta no podrá reinstalar la licencia a dicha persona por más de una ocasión. Después de transcurrido un año de la suspensión de la licencia no se podrá reinstalar la licencia y el interesado tendrá que solicitar una nueva licencia y someterse al examen de reválida.

20 LPRA sec. 2715. (Énfasis nuestro).

### III.

En el caso de epígrafe, el recurrente solicita que se declare nula la *Resolución* de la Junta, por falta de jurisdicción o, en la alternativa, se declare inconstitucional el proceso sumario de suspensión de licencia de la Ley Núm. 115. Lo anterior, por violación al debido proceso de ley consagrado en el Artículo II, sección 7 de la Constitución de Puerto Rico y a lo establecido en la LPAU. Por su estrecha relación, discutiremos todos los señalamientos de error en conjunto.

El recurrente sostiene que la Junta erró al adjudicar la suspensión sumaria de su licencia de perito electricista sin poseer jurisdicción para atender el asunto debido al incumplimiento sustancial por parte del Colegio con el proceso consignado en el Art. 16, inciso (h), de la Ley Núm. 115, como condición indispensable previo al referido del caso a la Junta. Según el recurrente, el

incumplimiento sustancial consistió en que el Colegio se apartó del procedimiento establecido en la Ley Núm. 115, *supra,* porque se le envió la notificación de la inobservancia con el requisito de ocho (8) horas de educación continua, cinco (5) días antes de la publicación en un periódico de circulación general, de los nombres de las personas que serían referidas a la Junta y se revocó su licencia de perito electricista sin cumplir los términos establecidos en ley. Añade que, según surge del récord administrativo, el Colegio le envió una carta para notificarle que su caso había sido referido a la Junta para iniciar el proceso de suspensión de licencia el 15 de marzo de 2024, mientras que la determinación de hechos de la *Resolución* recurrida estipula incorrectamente que fue el 19 de marzo de 2024. Asimismo, alega que la publicación en el periódico ocurrió el 20 de marzo de 2024, es decir, cinco (5) días después de la fecha de la carta, lo que es indicativo de que el Colegio invirtió el orden del proceso proscrito por ley. En ese sentido, aduce que la Junta no tenía discreción para asumir jurisdicción en su caso, por lo cual entiende que la *Resolución* impugnada es nula.

Por su parte, la Junta argumenta que, contrario a las alegaciones del recurrente, sí actuó de conformidad con las disposiciones de la Ley Núm. 115, *supra.* Esboza que el 15 de marzo de 2024, el Colegio le notificó al recurrente que su caso se había referido a la Junta para que iniciara el procedimiento de suspensión-revocación de su licencia y certificó la lista de los peritos electricistas que al 31 de diciembre de 2023 no habían cumplido, en uno o más años consecutivos, con el requisito de tomar ocho (8) horas de educación continua. Arguye que, transcurridos sesenta (60) días desde la notificación del procedimiento de suspensión, la Junta le notificó al recurrente la suspensión concernida.

A su vez, la Junta razona que el término de quince (15) días establecido en el Art. 16(h) de la Ley Núm. 115 no es uno

mandatorio, ni de carácter fatal. Además, sostiene que cualquier desvío del mencionado término no transgredió la debida y adecuada notificación que se dio en el caso de referencia. Así, argumenta que, el hecho de que el Colegio notificó al recurrente que su caso se refirió a la Junta antes de haber publicado los nombres de las personas en el periódico, no priva de jurisdicción a esta última de ejercer las facultades que posee como organismo regulador de la práctica de la electricidad en Puerto Rico. En esa dirección, reitera que la Junta cumplió con dejar transcurrir el término de sesenta (60) días estatuido en el precitado Artículo, contando a partir de la notificación del procedimiento al recurrente, para proceder con la suspensión de su licencia. Por ende, es su contención que cualquier desviación en los aspectos procesales atendidos por el Colegio, de forma alguna, anularía el procedimiento llevado a cabo por la Junta en contra del recurrente.

Por otra parte, el recurrente alega que la Junta erró al suspender sumariamente su licencia de perito electricista sin brindarle la oportunidad de ser oído en algún momento del proceso y presentar prueba a su favor sobre el cumplimiento con el requisito de educación continua, en violación al debido proceso de ley consagrado en la Constitución de Puerto Rico y la LPAU. Además, es su parecer que la Junta se equivocó al aplicar el proceso de suspensión sumaria de licencia establecido en el Artículo 16, inciso (h), de la Ley Núm. 115, disposición de ley que cataloga como inconstitucional. En específico, el recurrente alega que actuó con diligencia y no se quedó cruzado de brazos porque el 15 de abril de 2024 acreditó al Colegio el curso tomado con el certificado de participación. Añade que la suspensión en cuestión es una amenaza permanente en su récord como perito electricista porque cualquier otra suspensión en su contra conllevaría la revocación definitiva de su licencia profesional.

Luego de un análisis ponderado del caso de referencia, entendemos que la decisión de la Junta de conceder la suspensión sumaria de la licencia de perito electricista del recurrente debe sostenerse. El recurrente no logró controvertir la presunción de legalidad y corrección que le cobija a la decisión de la Junta, la cual resulta razonable ante su incumplimiento con los requisitos de educación continua exigidos por la Ley Núm. 115, *supra,* y está apoyada en la evidencia que contiene el expediente administrativo.[5] Cabe destacar que del expediente surge que se le exhortó al recurrente comunicarse con el Colegio para evaluar su situación y asistirlo en el procedimiento de rehabilitación, de modo que la licencia no fuera suspendida o revocada.

En el caso de autos, resulta innecesaria la formulación previa de cargos y audiencia[6], por lo que no se le privó al recurrente de la oportunidad de ser oído en algún momento del proceso. Este fue notificado del incumplimiento del requisito de ocho (8) horas de educación continua, lo cual activó el inicio del procedimiento de suspensión de licencia, sin necesidad de audiencia. Por ende, no se le violentó el debido proceso de ley al recurrente. El expediente revela que este procedió a completar las horas incumplidas con posterioridad a que su caso fuese referido a la Junta, por lo que no era posible acreditar el curso completado ni asistirlo en el procedimiento de rehabilitación. Procede que el recurrente lleve a cabo el proceso de reinstalación establecido en el Art. 16(h) de la Ley Núm. 115.[7]

---

[5] *Graciani Rodríguez v. Garage Isla Verde*, supra.

[6] Art. 16(h) de la Ley Núm. 115, 20 LPRA sec. 2715.

[7] Incluso en su alegato la Junta expresa que el Colegio le certificó que, al 13 de abril de 2024, el recurrente no había acumulado las horas de educación continua correspondientes a los años 2022 y 2023. Además, expone que las ocho (8) horas que el recurrente obtuvo por su participación en el seminario al que hizo referencia en su escrito fueron acreditadas al año 2022. Por último, la Junta manifiesta que el recurrente no ha cumplido con las ocho (8) horas de educación continua correspondientes al año 2023. Véase, anejo II del alegato de la Junta.

Por último, el recurrente, en una nota al calce de su escrito, menciona que no está colegiado y que el Colegio no es al momento el único proveedor certificado de educación continua, ni el único mecanismo de cumplimiento según la reglamentación aplicable. Ante ese escenario, esgrime que es legítimo cuestionar cómo el Colegio puede atribuirse la facultad de referir peritos no colegiados si no le consta su cumplimiento o no con las horas de educación continua. No obstante, hemos de destacar que la no colegiación no impide que el Colegio tenga autoridad sobre su persona. La Junta Examinadora es el organismo regulador de la práctica de la electricidad en Puerto Rico, es decir, de todos los peritos electricistas. Dentro de sus facultades en ley delegó al Colegio la potestad de implantar la organización de un sistema de inspectores para velar por el cumplimiento de las disposiciones de la Ley Núm. 115.[8] El Colegio es el ente que está pendiente de las personas que no cumplan el número de horas de educación continua requerido. En otras palabras, el Colegio está autorizado a vigilar por el cumplimiento del mínimo de horas de educación continua de todos los peritos electricistas, no solamente sobre aquellos afiliados a la institución.

**IV.**

Por las razones que anteceden, se confirma la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] 20 LPRA sec. 2705(k).